MANUEL FALÚ-BENÍTEZ, Plaintiff and Appellee, *v.* DÁMASA and ESTEBANÍA AGRICOLT, JULIO GAUTIER, known as FALÚ, and HERIBERTO TORRES-SOLÁ and his wife, CORAL CAPÓ-AMADEO, Defendants.—DÁMASA and ESTEBANÍA AGRICOLT, Appellants.

No. 3472. Argued February 10, 1925.—Decided April 21, 1925.

RES JUDICATA—EVIDENCE.—The defense of *res judicata* in an action to correct a deed of delivery of legacy is not established by proof of a former action of revendication between some of the parties involving the same property, inasmuch as there must be identity of things, of parties and of the capacity in which they litigated.

Second District Court of San Juan, M. Rodríguez Serra, J. Judgment for the plaintiff in an action to correct a deed, and for damages. *Affirmed.*

*M. Tous Soto* for the appellants. *Manuel F. Rossy* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Plaintiff Manuel Falú while married to María Benítez acquired in the town of Río Piedras a house situated on a lot measuring 25.30 by 21.40 meters under a dominion title judgment and recorded his title in the registry of property.

On the same lot the Falú-Benítez spouses built another house and made it their home, in which the wife died testate in 1919. In the house lived also defendants Agricolt and Julio Gautier, the predecessor in interest of defendant Torres Solá.

In the will of María Benítez Falú the following appears:

''Second: She also declares that she is the wife of Manuel Falú and that when they married neither of them had any property; that they have not acquired any property since then which may be considered as the separate property of either, and that therefore all property owned by them at the time of her death is community property.

''Third: She declares that she has no ascendants or descendants who may be considered as heirs at law. \* \* \*

''Fourth: She bequeaths to Dámasa and Estebanía Agricolt, together with her godson and foster child Julio Gautier, known as Julio Falú, the house in which she lives and the lot on which it is situated, in both of which her husband has a half interest, the dimensions of the house being 24 feet and 9 inches by 49 feet and 4 inches, and those of the lot being as they appear in the deed of acquisition.''

In 1920 Falú proceeded to deliver the bequests and in the deed executed before notary Torres Solá the property bequeathed was described as follows:

''Lot situated in Ferrocarril Street, Río Piedras, measuring 25.30 by 21.40 meters and containing 541.42 square meters, on which is a frame house \* \* \*.''

In 1919 Falú sold to José Garrido the original house and the lot on which it was situated, the description of the property comprising half of the entire lot.

Gautier, one of the heirs, sold his rights and interests to Torres Solá, the notary before whom the deed of delivery of bequests was executed, and the Agricolts and Torres Solá brought an action of revendication against Garrido. Falú was summoned as warrantor but did not appear. The parties made a stipulation concerning the evidence so as to describe the lot on which the house is situated as being 25 meters wide. From the stipulation it is not clear that there was another house on the same lot. The court gave judgment for the plaintiffs in that case.

Garrido then sued Falú for rescission of the contract of purchase and sale and damages and recovered judgment.

Falú appealed and the judgment was affirmed by the Supreme Court. *Garrido* v. *Falú*, 32 P.R.R. 613.

The present action was brought by Falú against the Agricolts and Torres Solá for the correction of the deed of delivery of bequests so as to describe the lot on which the house is situated as a moiety of the property purchased by the Falú-Benítez spouses, thus leaving the other half for the other house existing thereon. The prayer was also for damages and the costs of the suit. The default of Torres Solá was entered. The Agricolts answered. The case was brought to trial and the court adjudged the correction prayed for and that the defendants pay the costs.

The Agricolts appealed to this court and assigned as errors the overruling of the defense of *res judicata* and the weighing of the evidence.

The appellants contend that the question raised in this case was finally adjudicated in the action brought by Garrido against them and Torres Solá in which Falú was summoned as warrantor.

Really it is not understood why Falú avoided the controversy in that action, but, although his default occasioned manifest difficulties and damages, it is not of great importance.

In order that the plea of *res judicata* may be effective "it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such." Section 1219 of the Civil Code (Comp. 1911, sec. 4325). See also sections 59 and 61 of the Law of Evidence, Comp. 1911, secs. 1427, 1429, the case of *Conde* v. *Falú*, 30 P.R.R. 45, and cases therein cited in which the matter of *res judicata* is fully discussed.

Although both suits involve the same lot, all of the par-

tìes are not identical and the actions are different; therefore, the trial court did not commit the error assigned.

Nor did the court err in weighing the evidence. The paragraph of the will containing the description of the house bequeathed was ambiguous in that it did not state the area of the lot, and in making reference to the original deed of acquisition it may have led the notary before whom the deed of delivery of legacy was executed to err, but not so the interested persons who knew the actual facts. The Agrícolts and Gautier lived in one of the houses and knew of the existence of the other house, of a fence which divided the lot and of the sale by Falú to Garrido. The testimony of Gautier is positive on this point.

The judgment of the court conforms to the facts and the law and must be affirmed.